UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW CASTANON,

                    Plaintiff,                      Case No. 1:22-cv-11679

v.                                    Honorable Thomas L. Ludington
                                    United States District Judge
UNITED PARCEL SERVICE, INC.
and ROBERT RANKIN,

                    Defendants.

_____/

**OPINION AND ORDER DIRECTING DEFENDANTS TO PAY ATTORNEY'S FEES AND COSTS TO PLAINTIFF**

On August 26, 2022, this Court remanded the above-captioned case for lack of subject-matter jurisdiction and awarded Plaintiff attorney's fees and costs related to Defendants' objectively unreasonable removal. *See generally Castanon v. United Parcel Serv., Inc.*, No. 1:22-CV-11679, 2022 WL 3716037 (E.D. Mich. Aug. 26, 2022); ECF Nos. 10; 11.

To that end, the parties were directed to show cause for how much money Defendants must pay Plaintiffs in attorney's fees and costs. Plaintiff avers he is entitled to $3,825.00. ECF No. 14-1 at PageID.750. Defendants, by contrast, assert Plaintiff is not entitled to attorney's fees or costs. ECF No. 13.

Defendants first argue Plaintiff's lack of entitlement because "Plaintiff did not submit a timely request for minimal attorney's fees." *Id.* at PageID.737. But Plaintiff filed his motion the day after Defendants' three-day-late response.

Defendants next balk at binding Sixth Circuit precedent that an original defendant in an lawsuit cannot be "joined" to it. *Id.* at PageID.738–40 (contesting *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 958 (6th Cir. 2017)). To that end, they rely on a 37-year-old district-court case.

*See id.* (citing *Fletcher v. Advo Sys., Inc.*, 616 F. Supp. 1511 (E.D. Mich. 1985)). Obviously, *Roberts* controls, and *Fletcher* "do[es] not 'warrant' anything in this Court." *Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2022 WL 469075, at *6 (E.D. Mich. Feb. 15, 2022) (quoting *Hillman Power Co. v. On-Site Equip. Maint., Inc.*, No. 1:19-CV-11009, 2022 WL 193598, at *3 (E.D. Mich. Jan. 21, 2022)).

Defendants then cite *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428 (6th Cir. 2012), "for the proposition that a non-diverse supervisor cannot defeat diversity jurisdiction for a Michigan Elliott-Larsen Civil Rights Act ('ELCRA') claim." ECF No. 13 at PageID.739. But, as this Court explained, addressing that "argument would require opining on the merits of Plaintiff's state-law claims, which should be avoided to respect the state court's determination of state-law issues." *Castanon*, 2022 WL 3716037, at *7 n.4 (citing Laura S. Fitzgerald, *Suspecting the States: Supreme Court Review of State-Court State-Law Judgments*, 101 MICH. L. REV. 80, 178 n. 131 (2002)).

At the end, Defendants claim that Supreme Court and Sixth Circuit precedent permits federal preemption of state antidiscrimination remedies. ECF No. 13 at PageID.740 (first citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); and then citing *Tisdale v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Can., Loc. 704*, 25 F.3d 1308, 1312 (6th Cir. 1994)).

But, like a train, those cases are confined to their tracks. To derail that controlling precedent, Defendants attempt to ballast contextomy from each case. *See* ECF No. 13 at PageID.740–41. The *Lingle* Court did, as Defendants parse, "hold that an application of state law is preempted by [the LMRA] only if such application requires the interpretation of a collective-bargaining." *Lingle*, 486 U.S. at 413. But the previous paragraph explained why that holding does not apply to "state antidiscrimination remedies," *id.* at 412–13, which the *Tisdale* court also

explained, *see Tisdale*, 25 F.3d at 1312–13. Both those limitations were explained to Defendants. *See Castanon*, 2022 WL 3716037, at *4. Again, "*the LMRA never preempts ELCRA claims.*" *Id.* at *5. Try as they might, Defendants fail to bend that steel.[1]

Accordingly, it is **ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs, ECF No. 14, is **GRANTED**.

Further, it is **ORDERED** that, under 28 U.S.C. § 1447(c), Defendants are **DIRECTED** to pay $3825.00 to Plaintiff promptly for attorney's fees and other costs related to their objectively unreasonable removal.

**This is a final order and closes the case**.

Dated: September 12, 2022                              s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

---

[1] Defendants also attempt to stake their removal on a Sixth Circuit case that found a removal to be a "close" question. *See* ECF No. 13 at PageID.741 (quoting *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 523 (6th Cir. 2012)). But Defendants miss their swing. That question might have been "close" in 2012, but a decade has passed since *Paul* determined that the LMRA *did not* preempt claims brought under Ohio's disability discrimination statutes. Even so, *Paul* does not control where it conflicts with *Tisdale* because *Tisdale* was decided first. *United States v. Jarvis*, 999 F.3d 442, 445–46 (6th Cir. 2021).